IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

---

**SHANNON TUCKER,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　Civil Action No.:_____
　　　　　　　　　　　　　　　　　　　JURY DEMANDED

**V2 STRATEGY, INC., d/b/a HULLCO;**
**MATT HULLANDER, individually;**
**and BOBBY WINNIE, individually;**

    **Defendants.**

---

### VERIFIED COMPLAINT
### FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

---

**COMES NOW** Plaintiff Shannon Tucker ("Mr. Tucker" or "Plaintiff"), by and through counsel, and for his Complaint against Defendants V2 Strategy, Inc., d/b/a Hullco, Inc. ("Hullco"); Matt Hullander; and Bobby Winnie (collectively "Defendants") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Mr. Tucker brings this action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Tucker brings this action against Hullco, Inc., Matt Hullander, and Bobby Winnie for failure to pay Mr. Tucker for all hours worked, as well as for failing to pay Mr. Tucker his overtime premium as required by the FLSA, 29 U.S.C. § 201, *et seq*.

3. Defendants' practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

4. For said violations, Mr. Tucker seeks declaratory relief, backpay, liquidated and/or other

damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Mr. Tucker is an adult resident of Chattanooga, Hamilton County, Tennessee.

6. Mr. Tucker was an employee of Defendants for FLSA purposes.

7. Upon information and belief, Defendant V2 Strategy, d/b/a Hullco, Inc. is a Tennessee-based corporation, and may be reached for service through its registered agent, William M. Hullander, 7110 E. Brainerd Road, Chattanooga, TN 37421-3838.

8. Defendant Bobby Winnie is an adult resident of Tennessee.

9. Defendant Matt Hullander is an adult resident of Tennessee.

10. At all relevant times, Defendants were employers within the meaning of the FLSA. 29 U.S.C. § 203.

11. Both Bobby Winnie & Matt Hullander were high-level managers with significant control of operations at Defendant Hullco

12. Upon information and belief, Matt Hullander was the owner of Hullco.

## JURISDICTION & VENUES

13. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

14. Defendant Hullco is a legal entity and has sufficient minimum contacts with the State of Tennessee such that it is subject to service of process in Tennessee and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Hullco

Doc ID: cf838577372962f2f9838e6ce57ba447b9252132

15. Defendants Bobby Winnie and Matt Hullander are both adult residents of Tennessee. Accordingly, the Court has personal jurisdiction over both individual Defendants.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mr. Tucker's claims occurred in this District.

## FACTUAL BACKGROUND

17. Mr. Tucker was hired by Defendant Hullco on or about February 2014.

18. Mr. Tucker's employment with Defendant Hullco ended on or about April 16, 2021 when Defendant Matt Hullander announced that he had sold his business to another company and laid off Hullco's entire workforce.

19. During Mr. Tucker's employment, Mr. Tucker worked as a bathroom installer.

20. Mr. Tucker was paid on a piece-rate basis.

21. Mr. Tucker's pay was therefore based on how many bathroom units he installed.

22. Despite Mr. Tucker's official job classification, Mr. Tucker's responsibilities as an employee consisted of far more than installing bathrooms.

23. These responsibilities included cleaning and maintaining Hullco's vehicles, attending mandatory meetings at work, traveling to and from job sites that were hours away, and performing follow-up services for Hullco Inc.'s customers.

24. In order to complete all of this work, Mr. Tucker regularly worked in excess of forty-hours per week.

25. Because Mr. Tucker was only compensated for the bathroom units that he installed; however, he was never compensated for any of the time spent performing these other employment responsibilities.

Doc ID: cf838577372962f2f9838e6ce57ba447b9252132

26. Mr. Tucker's timesheets demonstrate that he regularly worked greater than forty-hours per week.

27. Further, these timesheets show many of Mr. Tucker's hours were devoted to performing job responsibilities that were not compensable under the piece-work method of compensation.

28. In 2020, the Tennessee Department of Labor & Workforce Development investigated Hullco's illegal pay practices.

29. When this investigation concluded on or about October 27, 2020, Bobby Winnie, Vice-President of Hullco, bragged to Mr. Tucker that Hullco "came out of this like a bandit."

30. Bobby Winnie further acknowledged the company's responsibility to compensate Mr. Tucker for overtime but suggested that the company couldn't afford to.

31. Bobby Winnie then instructed Mr. Tucker to "figure out how to keep [his timesheet] at forty-hours" and to "make [his timesheet] look pretty."

32. On or about April 9, 2021, Defendant Matt Hullander informed the employees that Hullco was being sold to another company.

33. Shortly after this announcement, Mr. Tucker learned that he had been laid-off by Hullco.

## COUNT ONE – VIOLATION OF THE FLSA

34. Mr. Tucker realleges and incorporates all allegations above as if actually set forth herein.

35. At all relevant times, Hullco was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all relevant times, Defendants Bobby Winnie and Matt Hullander were high-level managers with significant control over the operations of Defendant Hullco

Doc ID: cf838577372962f2f9838e6ce57ba447b9252132

37. At all relevant times, Defendant Matt Hullander was the owner of Hullco

38. At all relevant times, Defendants Bobby Winnie and Matt Hullander exercised the authority to: (a) hire and fire employees of Hullco ; (b) determine the work schedules of the employees of Hullco; and (c) control the finances and operations of Hullco.

39. Given their level of control exerted over the operations of Hullco, Defendants Bobby Winnie and Matt Hullander were employers within the meaning of the FLSA, 29 U.S.C. § 203.

40. At all relevant times, Defendants employed Mr. Tucker.

41. At all relevant times, Defendant Hullco had gross annual operating revenues in excess of $500,000.00.

42. The FLSA requires each covered employer to compensate all non-exempt employees for all hours worked at an hourly rate of not less than the federal minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. §§ 206, 207.

43. Where an employee is paid piece-rate, "the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week." 29 CFR § 778.111.

44. Because Defendant failed to pay Mr. Tucker an overtime premium for the hours he worked in excess of forty in a workweek, Mr. Tucker is owed just compensation.

45. Defendants' failure to compensate Mr. Tucker for hours spent performing tasks that were not otherwise compensable based on the piece-rate method of payment constitutes a

Doc ID: cf838577372962f2f9838e6ce57ba447b9252132

violation of both the minimum wage requirement and the overtime premium requirement, and he owed appropriate for these hours worked as well. 29 U.S.C. §§ 206, 207.

46. Based on Defendant Bobby Winnie's express admissions regarding the requirement to pay overtime and his subsequent instructions to alter timesheets to show less than forty-hours worked, it is reasonable to believe Defendants were aware of their obligations under the FLSA but instead chose to blatantly ignore them.

47. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 216.

48. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Tucker prays for relief as follows:

49. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

50. Pre-judgment interest, as provided by law;

51. An award of money damages for backpay, liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

52. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

53. Any and all such other further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

                                                               Respectfully submitted,

                                                                _s/Philip Oliphant_____
                                                                 Alan G. Crone, TN Bar No. 014285
                                                                 Philip Oliphant, TN Bar No. 025990
                                                                THE CRONE LAW FIRM, PLC
                                                                88 Union Avenue, 14th Floor
                                                                Mempher, TN 38103
                                                                800.403.7868 (voice)
                                                                901.737.7740 (voice)
                                                                901.474.7926 (fax)
                                                                acrone@cronelawfirmplc.com
                                                                poliphant@cronelawfirmplc.com

                                                                *Attorneys for Plaintiff*

Doc ID: cf838577372962f2f9838e6ce57ba447b9252132

# DECLARATION AND VERIFICATION

      I, **Shannon Tucker**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Shannon Tucker**

Date:   05 / 20 / 2021 _____

Doc ID: cf838577372962f2f9838e6ce57ba447b9252132



# Audit Trail

| | |
|---|---|
| **TITLE** | Tucker - Complaint to Review & Verify |
| **FILE NAME** | Tucker Complaint -unverified.pdf |
| **DOCUMENT ID** | cf838577372962f2f9838e6ce57ba447b9252132 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**    05 / 20 / 2021    Sent for signature to Shannon Tucker (southeasthi@gmail.com)
17:26:20 UTC-5    from jlc@cronelawfirmplc.com
IP: 96.84.128.62

**VIEWED**    05 / 20 / 2021    Viewed by Shannon Tucker (southeasthi@gmail.com)
17:44:37 UTC-5    IP: 184.174.169.223

**SIGNED**    05 / 20 / 2021    Signed by Shannon Tucker (southeasthi@gmail.com)
18:07:26 UTC-5    IP: 184.174.169.223

**COMPLETED**    05 / 20 / 2021    The document has been completed.
18:07:26 UTC-5

Powered by HELLOSIGN