# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SHANNON TUCKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:21-CV-00110 |
| ) | |
| v. ) | JURY DEMANDED |
| ) | |
| V2 STRATEGY, INC., d/b/a HULLCO; ) | |
| MATT HULLANDER, individually; and ) | |
| BOBBY WINNIE, individually; ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendants, V2 Strategy, Inc, d/b/a Hullco, Inc., Matt Hullander and Bobby Winnie, by and through counsel, for their Answer to Plaintiff's Verified Complaint For Violations of The Fair Labor Standards Act state as follows:

1. Defendants admit that Plaintiff has invoked the Court's jurisdiction. The remaining allegations in Paragraph 1 state a legal conclusion, to which no response is required.

2. Defendants admit Plaintiff seeks the relief stated, but his entitlement to it is denied.

3. Denied.

4. Defendants admit Plaintiff seeks the relief stated, but his entitlement to it is denied.

5. Defendants have information that Plaintiff is a resident of McDonald, Tennessee, and therefore can neither admit nor deny this allegation.

6. Admitted.

7. Admitted.

8. Admitted.

1

9. Admitted.

10. Defendants admit that an employer and employee relationship existed between Hullco and Plaintiff. The remaining allegations of Paragraph 10 inconsistent with the same are denied.

11. Admitted.

12. Admitted.

13. The allegations contained in Paragraph 13 state a legal conclusion and do not require a response from Defendants. Defendants deny the allegations contained in Paragraph 13 state a claim upon which relief can be granted.

14. Admitted.

15. Admitted.

16. Defendants admit venue is proper, but deny Plaintiff has a cognizable claim.

17. It is admitted that Plaintiff was employed at some point in 2014.

18. Admitted that Plaintiff's employment with Hullco ended on April 16, 2021. He was automatically placed on the payroll of Hullco's purchaser, but declined that employment.

19. Admitted.

20. It is admitted that Plaintiff was on most occasions paid on a piece rate basis, although on other occasions he was compensated on an hourly basis for purely hourly work.

21. Admitted, with the qualification from the preceding paragraph.

22. Denied, except on occasions Plaintiff was compensated on an hourly basis for purely hourly work.

23. Admitted that Plaintiff may have on occasion performed unproductive work, which the parties understood was to be compensated by the piece work rate, and at other times performed

hourly work, for which he was compensated on that basis. All other allegations of Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Denied.

27. It is admitted that Plaintiff was on most occasions paid on a piece rate basis, although on other occasions he was compensated on an hourly basis for purely hourly work.

28. Admitted to the extent that the United States Department of Labor conducted an audit of Hullco in 2020. All other allegations of paragraph 28 are denied.

29. Denied as stated, although it is admitted that Defendant Winnie was pleased that the audit resolved any DOL issues.

30. Denied.

31. Denied.

32. Admitted.

33. Admitted, as Hullco was no longer doing its former business. Upon information and belief, the purchaser of Hullco extended Plaintiff an offer of employment.

34. Paragraph 34 does not require a response from Defendants.

35. Admitted.

36. Admitted.

37. Admitted.

38. Generally admitted, although Plaintiff usually dictated when he would or would not work.

39. Denied.

3

40. Admitted that Hullco employed Plaintiff. All other allegations are denied.

41. Admitted.

42. The averments contained in Paragraph 42 state a legal conclusion and do not require a response from Defendants.

43. The averments contained in Paragraph 43 state a legal conclusion and do not require a response from Defendants.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendants deny Plaintiff is entitled to the relief sought.

50. Defendants deny Plaintiff is entitled to the relief sought.

51. Defendants deny Plaintiff is entitled to the relief sought.

52. Defendants deny Plaintiff is entitled to the relief sought.

53. Defendants deny Plaintiff is entitled to the relief sought.

As and for their separate affirmative defenses to the Complaint, Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails in whole or in part to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants did not willfully violate the Fair Labor Standards Act, as amended, 29 U.S.C. §) 201 et seq. ("FLSA") because any acts or omissions giving rise to this action were reasonable, undertaken in good faith, and were not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. §260, Defendants cannot be liable for liquidated damages because any acts or omissions giving rise to this action were undertaken in good faith and with reasonable grounds for believing that their actions were in compliance with the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

Any amount due to Plaintiff should be offset by payments received by Plaintiff from Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they were not filed within the applicable limitations period under the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred to the extent Plaintiff seeks to recover for time that is not compensable under the FLSA, including but not limited to, *de minimus* time, travel time, taking breaks, taking care of personal business, vacation, absences or sick leave and preliminary and post work activities.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for any unpaid work is *de minimis* and are therefore not subject to payment and do not violate the FLSA. To the extent that Plaintiff's claims are not de minimis, Plaintiff received all the compensation to which he was entitled under the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

On October 27, 2020 Plaintiff executed a DOL Form WH-58 acknowledging settlement and waiver of his FSLA claims for the time period 8/11/2018 to 8/08/2020, and received a check of the same date, which are attached hereto as ***Collective Exhibit A***. Plaintiff accepted and negotiated the check. Plaintiff's claims are therefore barred in whole or in part based on the equitable doctrines of ratification, accord and satisfaction, waiver and/or payment and release and/or settlement pursuant to 29 USC §216(c) based on the Department of Labor's supervised settlement of Plaintiff's claims.

### NINTH AFFIRMATIVE DEFENSE

Because of Plaintiff's execution of the Form WH-58, to the extent Plaintiff seeks monies from the time period 8/11/2018 to 8/08/2020, any additional payment to Plaintiff for that period would be unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE

Because of Plaintiff's execution of the Form WH-58, to the extent Plaintiff seeks monies form the time period 8/11/2018 to 8/08/2020, Plaintiff should be estopped from seeking any further payment.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants invoke the defenses, protections and limitations of the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that the settlement and waiver effected by Plaintiff's execution of the Form WH-58 deprives the Court of jurisdiction over some or all of the Plaintiff's claim, Defendants assert the Court lacks subject matter jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE

The parties understood that unproductive work would be compensated at the piece work rate.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to Rule 11(a), Fed. R. Civ. P., Defendants are not required to verify their answer to the Verified Complaint.

## GENERAL DENIAL

All allegations of the Complaint not specifically addressed herein are denied.

WHEREFORE, having fully responded to Plaintiff's Verified Complaint for Violations of the Fair Labor Standards Act, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and prayer for relief as stated in the Complaint, award Defendants their costs and reasonable attorneys' fees incurred in defending this action, and grant such other and further relief as the Court deems just and proper.

GEARHISER, PETERS, ELLIOTT
  & CANNON, PLLC

By: /s/ Sam D. Elliott
  Sam D. Elliott (BPR #009431)
  320 McCallie Avenue
  Chattanooga, Tennessee 37402
  Telephone: (423) 756-5171
  Facsimile: (423) 266-1605
  Email: selliott@gearhiserpeters.com
  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2021, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

  Alan G. Crone
  Philip Oliphant
  88 Union Avenue, 14th Floor
  Memphis, Tennessee 38103
  Email: acrone@cronelawfirmplc.com
  Email: poliphant@cronelawfirmplc.com

This 14th day of June, 2021

  GEARHISER, PETERS, ELLIOTT
    & CANNON, PLLC

  By: /s/ Sam D. Elliott